


April 8, 2024

**VIA ECF**
Honorable Malachy E. Mannion
United States District Judge
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *James and Nanci Hall v. Sig Sauer, Inc*. Case No. 3:23-CV-00978
               Defendant Sig Sauer, Inc.'s Response to Plaintiff's Letter Brief Regarding a
               Discovery Dispute
               **Our file No.:**        00132.00200

Dear Judge Mannion:

Defendant Sig Sauer, Inc. ("Sig Sauer") writes in response to Plaintiffs' request for a teleconference regarding the purported discovery dispute (Doc. No. 24).

As noted in Plaintiffs' April 4, 2024 letter, the Parties agreed that each side could ***serve*** no more than 30 Interrogatories in this matter in the October 2, 2023 Joint Case Management Plan (Doc. No. 11), a number which already exceeds the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure and was proposed by Plaintiffs' counsel. Prior to March 4, 2024, Plaintiffs had served a total of 13 interrogatories on Sig Sauer. Plaintiffs' third set of interrogatories served on March 4, 2024 (the "Third Set") contained an additional 14 interrogatories, bringing the cumulative total to 27. After receiving the Third Set, Sig Sauer began gathering pertinent information and preparing its responses. A true and correct copy of Sig Sauer's objections and responses to the Third Set are attached hereto as Exhibit A.

On March 21, 2024, Plaintiffs' counsel, disregarding the limitations of the Joint Case Management Plan, served a fourth set of additional 13 interrogatories (the "Fourth Set"), bringing the cumulative total to 40, well beyond the permitted 30.[1] A true and correct copy of the Fourth Set is attached hereto as Exhibit B. Counsel for Sig Sauer brought this issue to the attention of Plaintiffs' counsel, inviting them to withdraw the ***Fourth*** Set and select three interrogatories of their choosing in order to stay within the agreed upon limits of the Joint Case Management Plan. *See* March 21, 2024 Email Thread, Exhibit C. However, Plaintiffs' counsel declined to do so and indicated that they would "address with the court." *Id*.

On March 25, 2024, Plaintiffs' counsel purported to "withdraw" not only the fourth set of interrogatories (which counsel for Sig Sauer had invited Plaintiffs to withdraw), but also the third

---

[1] While not the subject of the conference requested by Plaintiffs' counsel, Sig Sauer notes that Plaintiffs have served 65 Requests for Production and 45 Requests for Admission, which exceeds the respective limits of 50 and 30 permitted by the Joint Case Management Plan.

2460 N Courtenay Pkwy, Suite 204  Melbourne, FL 32953  Tel (321) 574-0280  Fax (321) 574-4054 | littletonjoyce.com

set (which counsel for Sig Sauer did ***not*** invite Plaintiffs to withdraw and to which responses were due in little over a week). In their places, Plaintiffs' counsel attempted to serve a new set of 17 interrogatories (the "Revised Set"). A true and correct copy of the Revised Set is attached hereto as Exhibit D. By this time, Sig Sauer had nearly finalized its responses to the now purportedly withdrawn Third Set that had been served three weeks prior on March 4, 2024, with its counsel having spent 4.3 hours drafting responses and incurring $1,258.50 in fees prior to the time Plaintiffs advised they were withdrawing the interrogatories. The purported Revised Set contained only three interrogatories from the purportedly withdrawn Third Set, meaning that nearly all of the time and money spent on responding to the Third Set would essentially be wasted if Plaintiffs were permitted to unilaterally withdraw the Third Set. *Compare* Third Set (Exhibit A), *with* Revised Set (Exhibit D) (only Nos. 3, 5, and 8 from the Third Set are included in the purported Revised Set).

However, nothing in the Federal Rules or the Joint Case Management Plan permits a party to unilaterally withdraw an interrogatory after service. While both the Federal Rules and the parties' Joint Case Management plan allow a party to ***serve*** a specified number of interrogatories, nothing allows them to be withdrawn. *See* Fed. R. Civ. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may ***serve*** on any other party no more than 25 written interrogatories") (emphasis added); Joint Case Management Plan (Doc. No. 11) ¶ 4.5.2 (setting the maximum number of "interrogatories to be ***served*** by" each party as 30) (emphasis added). On the contrary, courts have rejected attempts to unilaterally withdraw discovery requests after service, noting the obvious potential for abuse if "a party could simultaneously circumvent the whole purpose of the numerical limit and harass an opponent by serving the maximum number of interrogatories and then 'withdrawing' all of them on or after the date the opposing party incurred the burden of preparing and serving objections or verified answers." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 588 (C.D. Cal. 1999); *see also Robinson v. Mathis*, 2021 WL 6804133, at *8 (W.D. Tenn. Sept. 14, 2021) ("propounding party cannot 'avoid or sidestep the numerical limit' on interrogatories by 'withdrawing' them after they are served, particularly not after the responding party has incurred the burden of preparing and serving objections").

While Plaintiffs' counsel notes that the limitations within the Joint Case Management Plan are "subject to later modification by stipulation or court order on appropriate showing[,]" Plaintiffs' counsel had obtained neither a stipulation nor a court order at the time they served their fourth set of interrogatories, and they cannot now go back now and retroactively seek the court's approval. *See Walker*, 186 F.R.D. at 588 (recognizing that the propounding party is "expressly required to seek leave of Court ***before*** serving [interrogatories in excess of the number otherwise permitted] pursuant to Rule 33(a)") (emphasis added); *EB Holdings II, Inc. v. Illinois Nat'l Ins. C*o., No. 220CV02248JCMNJK, 2022 WL 772928, at *2 (D. Nev. Mar. 14, 2022) (same).

In short, Plaintiffs are unable to point to any support for their attempted unilateral withdrawal after Sig Sauer had already incurred the burden of preparing responses to the purportedly withdrawn Third Set, to which Sig Sauer served its responses on April 3, 2024. At this point, Sig Sauer has responded to 27 interrogatories and intends to serve its responses to the first three interrogatories from the Fourth Set on April 22, 2024 in accordance with the timeframe permitted by the Federal Rules and the Joint Case Management Plan's 30-interrogatory limit.

Sincerely,

**LITTLETON JOYCE
   UGHETTA & KELLY LLP**

_____
Kristen E. Dennison, Esq.