# Exhibit A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES HALL and NANCI HALL, h/w : <br> Plaintiffs, : <br> vs. : <br> : <br> SIG SAUER, INC., : <br> Defendant. : <br> : | NO. 3:23-cv-00978-MEM <br><br> JURY TRIAL DEMANDED |

**DEFENDANT SIG SAUER, INC.'S RESPONSES TO**
**PLAINTIFFS' SUPPLEMENTAL SET OF INTERROGATORIES**

Defendant Sig Sauer, Inc. ("SIG") responds and objects to Plaintiffs' Supplemental Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

1.     The following Responses are based on information presently available to Defendant and which Defendant believes to be correct. These Responses are made without prejudice to Defendant's right to utilize subsequently discovered facts.

2.     No incidental or implied admissions of fact by Defendant are made by the Responses below; the only admissions are express admissions. By responding to any interrogatory or request below, Defendant does not admit or accept any factual predicate of the Interrogatory/Request, nor does Defendant concede that its response would be admissible as evidence. Furthermore, the fact that Defendant has responded to part or all of the Interrogatories/Requests should not be construed as a waiver of any objections made by Defendant to any of these Interrogatories/Requests.

3.     Defendant reserves the right to amend and/or supplement these objections and responses in the event that additional responsive information or documents are located at a later date.

4.     Defendant does not accede or consent to any incorrect assertions of law contained in Plaintiff's Interrogatories or Request for Production of Documents to Defendant as to what the Federal Rules of Civil Procedure require, generally, in responding to Interrogatories/Requests. Defendant has made every reasonable effort to comply with the applicable Federal Rules of Civil Procedure in preparing and serving its responses, notwithstanding any incorrect assertions in Plaintiff's Interrogatories and Request for Production of Documents about what said Rules require.

## DEFINITIONS

1. "**Subject Incident**" refers to the September 20, 2022 incident described in Plaintiffs' Complaint.

2. "**Subject Pistol**" refers to the P320 model pistol that Plaintiffs alleges discharged during the Subject Incident as alleged in Plaintiffs' Complaint.

## OBJECTIONS AND RESPONSES

1. Identify the Subject Pistol by providing the serial number, date of manufacture, date of distribution, date of sale and receipt.

**RESPONSE:** **SIG responds that the P320 pistol with serial number 58A116924 was manufactured on February 15, 2017 and sold to Sports South LLC on or around February 27, 2017, who in turn sold it to Dave's Gun Shop on or around March 27, 2017. SIG is without knowledge or information regarding to whom Dave's Gun Shop sold the Subject Pistol.**

2. Identify and produce all documents associated with the global serial number history for the Subject Pistol.

**RESPONSE:** **SIG objects to this interrogatory to the extent it exceeds the requirements of Rule 33 of the Federal Rules of Civil Procedure by calling for the production of documents. SIG further objects to this interrogatory on the grounds that "global serial number history" is vague and ambiguous. Subject to and without waiving its objections, SIG refers Plaintiffs to its Response to Interrogatory No. 1.**

3. Identify the SIG Sauer sales representative(s) by name, email address, job title, and sales region, who participated in sales meetings, pre-sale bids or negotiations, and/or sold the Subject Pistol or batch of pistols which included the Subject Pistol to Plaintiff.

**RESPONSE:** **SIG objects to this interrogatory because it is overly broad and unduly burdensome as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG states that Steve Kirkpatrick was the salesperson responsible for the sale of the Subject Pistol to Sports South LLC. Steve Kirkpatrick's title is Sales Associate for Louisiana and Texas. He is a current employee of Sig Sauer and can be reached through counsel. See invoice for the sale of the Subject Pistol to Sports South LLC previously produced at SIG-HALL 0000928.**

4. Identify the details of any and all investigations, testing and/or analysis performed by SIG Sauer employees, hired consultants and/or gunsmiths on the Subject Pistol and provide:

   a. Their name, email address, job title and whether they are still employed by SIG Sauer.
   b. The date the testing was performed and the results of the testing.

2

      c.    The individual SIG Sauer agents or employees who received the results of the testing.

**RESPONSE: SIG objects to this interrogatory on the grounds it seeks premature disclosure of expert information. SIG will provide its expert disclosures as and when required by the applicable rules and any orders entered by the Court in this matter. Subject to and without waiving its objection, SIG has not yet had an opportunity to inspect the Subject Pistol.**

5. Identify the date and manner in which SIG Sauer was first notified of the Subject Incident.

**RESPONSE: SIG objects to this Interrogatory on the grounds that it is not relevant, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG first learned of the Subject Incident on or around June 13, 2023 when Plaintiffs filed their Complaint.**

6. Identify the date and manner the first employee of SIG Sauer received notification of the Subject Incident.

**RESPONSE: SIG objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 5. Subject to and without waiving its objections, SIG refers Plaintiffs to its objection and response to Interrogatory No. 5.**

7. State whether the Subject Pistol had undergone the "Voluntary Upgrade" program offered by SIG Sauer.

**RESPONSE: SIG states that the Subject Pistol has not undergone the Voluntary Upgrade Program.**

8. State whether SIG Sauer interviewed or spoke with any witnesses, employees or non employees as part of an investigation as to the cause of the alleged Unintended Discharge and identify those witnesses.

**RESPONSE: SIG objects to this request to the extent it seeks the disclosure of communications by or through counsel in response to Plaintiff's complaint, which is protected from disclosure by the attorney-client communication privilege and/or the attorney work product doctrine. Subject to and without waiving its objections, SIG states that it has not had any non-privileged communications with any witnesses, employees or non-employees in connection with the Subject Incident.**

9. State whether SIG Sauer made any written conclusions about the cause of the Unintended Discharge of the Subject Pistol and state the conclusion and in what document(s) those conclusions exist.

**RESPONSE: SIG objects to this request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client communication privilege and/or the**

**attorney work product doctrine. SIG further objects to this Interrogatory on the grounds it seeks premature disclosure of expert information. SIG will provide its expert disclosures as and when required by the applicable rules and any orders entered by the Court in this matter. Subject to and without waiving its objections, SIG states that it has not yet inspected the subject pistol and has not yet made any written conclusions regarding the cause of the Subject Incident.**

10. State whether you have in Your possession any physical evidence including the Subject Pistol, Subject Holster or any other physical evidence related to the Subject Incident.

**RESPONSE: SIG is not in possession of the Subject Pistol, Subject Holster, or any other physical evidence related to the Subject Incident.**

11. Identify the means of the subject P320s sale, including but not limited to whether the pistol was sold to and/or shipped to Plaintiff's employer, a third party, a gun seller, or the Plaintiff directly, and identify all individuals and companies who took part in the sale or transfer.

**RESPONSE: SIG refers Plaintiffs to its Response to Interrogatory No. 1 and to the invoice for the sale of the Subject Pistol to Sports South LLC previously produced at SIG-HALL 0000928.**

12. Identify and produce all bid requests, bid requirements, requested product specifications and/or regulations, and each contract for the sale of the Subject Pistol.

**RESPONSE: SIG objects to this interrogatory to the extent it exceeds the requirements of Rule 33 of the Federal Rules of Civil Procedure by calling for the production of documents. SIG refers Plaintiffs to the invoice for the sale of the Subject Pistol to Sports South LLC previously produced at SIG-HALL 0000928. SIG further states that it did not receive any bid requests, bid requirements, or requested product specifications and regulations in connection with the sale of the Subject Pistol.**

13. Identify whether SIG Sauer has made any public comments or statements concerning the instant Unintended Discharge, the contents of the comment or statement, and the person or the persons who made or consulted in the distribution of the statement.

**RESPONSE: SIG has not made any public comments or statements concerning the subject incident.**

14. Provide the names, email addresses and job titles for each employee of SIG Sauer ("Custodian") who discussed the Subject Incident or the Subject Pistol.

**RESPONSE: SIG objects to this Interrogatory as overly broad, unduly burdensome, and vague in that it does not define the scope of the discussion about which Plaintiffs seek information (i.e., with whom it was discussed). Assuming this Interrogatory follows from Interrogatory Number 13 and seeks the names, email address, and job titles for each**

**employee of SIG Sauer who discussed the Subject Incident or the Subject Pistol in a public comment or statement, see response to Interrogatory No. 13.**

                                                                                 **LITTLETON JOYCE**
                                                                                    **UGHETTA & KELLY LLP**

                                                        By:  /s/Kristen E. Dennison, Esquire
                                                                               Kristen E. Dennison, Esquire

                                                                               Attorney for Defendant,
Dated: April 3, 2024                                          Sig Sauer, Inc.