# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES HALL and NANCI HALL, h/w | **:** | |
| Plaintiffs, | **:** | NO. 3:23-cv-00978-~~KMJ~~FS |
| vs. | **:** | |
| | **:** | |
| SIG SAUER, INC. et al., | **:** | JURY TRIAL DEMANDED |
| Defendants. | **:** | |
| | **:** | |

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

**WHEREAS,** Plaintiffs have filed this lawsuit to recover damages that allegedly arise out of a discharge of a firearm that occurred on September 20, 2022;

**WHEREAS**, Plaintiffs allege, among other things, that the Sig Sauer P320 model pistol used by Plaintiff James Hall at the time of his accident was defective and discharged unintentionally;

**WHEREAS**, the parties agree that Defendant Sig Sauer, Inc. designed and manufactured the subject firearm;

WHEREAS, the parties agree that Plaintiff purchased the subject firearm from Cabela's in Hamburg, Pennsylvania;

**WHEREAS**, the information to be disclosed in discovery includes information and documents from Sig Sauer, Inc. that relate to the design, manufacture, testing, marketing, and distribution of the subject P320 model pistol at issue in this action;

WHEREAS, the information to be disclosed in discovery includes information and documents from the Cabela's Defendants (Cabela's, LLC, American Sportsman Holdings, Co., Bass Pro Shops, Inc., TMBC, LLC, Bass Pro Outdoor World, LLC, Cabela's Inc., Cabela's, and Cabela's Wholesale Inc.) that relate to agreements with Sig Sauer, non-public agreements, personnel information, non-public policies and procedures, and other proprietary information;

**WHEREAS**, Sig Sauer, Inc. asserts that some of the requested materials constitute confidential information, trade secrets, and/or commercially sensitive material, the uncontrolled dissemination of which could materially and detrimentally impact Sig Sauer, Inc.;

WHEREAS, the Cabela's Defendants assert that some of the requested materials constitute confidential information, trade secrets, and/or commercially sensitive material, the uncontrolled dissemination of which could materially and detrimentally impact Cabela's;

**WHEREAS**, Plaintiffs do ~~not challenge~~not challenge at this time Sig Sauer's and Cabela's contention~~s~~ that disclosure of this information would violate ~~SIG's~~ their rights to keep their internal materials private; ~~.~~

**IT IS HEREBY STIPULATED** by and between the parties hereto, through their respective counsel, subject to approval of the Court, that a Protective Order as set forth hereinafter be entered.

**IT IS HEREBY ORDERED THAT:**

1.     Each party may designate as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY'S EYES ONLY any trade secret or other information believed in good faith by the designating party to be proprietary or confidential research, development, or commercial information. Defendant Sig Sauer, Inc. and the Cabela's Defendants specifically designates the following information as confidential to the extent it is produced:

(a)     testing records;

(b)     design drawings;

(c)     product specifications;

(d)     internal research information;

(e)     internal financial information; and

(f)     manufacturing specifications;

(g)     Contracts and Vendor Agreements;

(h)     Non-public compilations of retail prices;

(i)     Proprietary information;

(j)     Personnel files;

(k)     Non-public policies and procedures.

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited.

Documents that include design drawings and specifications and other similar information which otherwise satisfies the requirements of this paragraph, and which is considered to be trade secret information and so sensitive as to be restricted to the attorneys for the party receiving discovery of such information may be designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY.

Documents that contain cost data, pricing formulas, inventory management programs; other sales or business information not known to the public considered to be trade secrets; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data[1] which is considered to be so

---

[1] Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

sensitive as to be restricted to the attorneys for the party receiving discovery of such information may be designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY.

Additional documents not falling under the above-listed categories may be designated as CONFIDENTIAL INFORMATION under the terms of this agreement.

2.  This Confidentiality Agreement and Protective Order (hereinafter "Agreement") shall be applicable to all depositions, interrogatories, document productions, requests for admission, responses to any such discovery requests, and any other discovery requests or responses made in this lawsuit entitled "*James and Nanci Hall v. Sig Sauer, Inc., et al.*," pending in the United States District Court for the Middle District of Pennsylvania, Case No.: 3:23-cv-00978-KM (hereinafter referred to as the "Lawsuit"), and any other material or information hereafter furnished by or on behalf of any party or any person associated with any party in connection with this Lawsuit, that produces documents, information, or testimony (including by deposition or at trial), which is designated as CONFIDENTIAL INFORMATION in accordance with the procedures set forth herein.

3.  For purposes of this Agreement, CONFIDENTIAL INFORMATION may include or be included in any document, physical object, tangible thing or the factual knowledge of persons, such as by way of example and not by limitation, recorded statements of counsel, transcripts, pleadings, motions, briefs, answers to

interrogatories and other responses to discovery requests, drawings, compositions, devices, company records and reports, summaries, notes, abstracts and any other instrument which contains CONFIDENTIAL INFORMATION.

4. Any information or documents produced at any time, either voluntarily or pursuant to order, orally or in writing in this litigation, which is asserted by any party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by that party in writing as follows:

    a. Documents and things shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL INFORMATION," "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY"; and

    b. If such CONFIDENTIAL INFORMATION is contained or given in any deposition testimony, trial testimony or any other testimony, the specific portion of the transcript may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Agreement by notifying the parties on the record at the time the testimony is given, or in writing within thirty (21) days of receipt of the transcript by specifying the specific pages and lines of the transcript which contain such CONFIDENTIAL INFORMATION. Failure to designate testimony as Confidential

at the deposition or by written notice to the other Party and the court reporter within twenty-one (21) days after receipt of the final deposition transcript waives all protection for the testimony, although not for any documents designated Confidential;

5. Access to and review of CONFIDENTIAL INFORMATION shall be governed by the normal discovery process, and no documents will be withheld for copying and/or production based upon a Confidentiality designation after execution of this Agreement.

6. The restrictions upon, and obligations accruing to, persons who become subject to this Agreement shall not apply to any information produced in accordance with this Agreement as to which this Court or another court having jurisdiction over the production of information for this matter rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

7. All CONFIDENTIAL INFORMATION filed with the Court, including all depositions, or any portion or portions of depositions which contain(s) CONFIDENTIAL INFORMATION, and all papers (including affidavits and memoranda of law) purporting to reflect CONFIDENTIAL INFORMATION shall be filed under seal pursuant to LR 5.8 and LCrR 49.

8.    All CONFIDENTIAL INFORMATION shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

a.    The Court in this Lawsuit or any other court having jurisdiction over discovery procedures in this Lawsuit a deponent, during the course of his or her examination, who is a current of former employee of any of the parties, is an author, addressee, or other recipient of such material, or who has been shown a copy of this Agreement and signs a declaration in for the form of Exhibit A (the "Declaration");;

b.    Counsel for Plaintiffs or Defendants retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit, and the employees of such counsel assigned to assist them;

c.    The parties or their employees;

d.    Any experts or consultants used or retained by counsel to the extent deemed necessary by counsel to aid in the prosecution, defense, appeal, or settlement of this Lawsuit. Prior to receiving any information designed CONFIDENTIAL INFORMATION, any such expert or consultant must first be shown a copy of this Agreement and must sign the Declaration.  Such Declaration shall

be retained by counsel for the receiving party and must be disclosed to the designating party upon designation of such person or expert or upon reasonable request; and

e. Such other persons as may be subsequently designated either by written agreement of the parties after a request by one of them, or by order of the Court upon motion of either party, after notice to the opposing party.

9. Any information designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

a. the outside attorneys for a party and those employed in the course of assisting such attorneys, including, without limitation, graphics consultants, outside copy services, paralegals, and office personnel;

b. the inside attorneys for a party and paralegals and office personnel assisting them;

c. the Court, court reporters, and court personnel in any further proceeding herein;

d. testifying or consulting experts who are not currently employed by a party, provided that, no fewer than fourteen (14) days in advance

of disclosure to any such expert, the party that has retained such expert shall notify the designating party in writing of the name of the person(s) to whom such disclosure is to be made, providing at that time a document (in the form of Exhibit A hereto) signed by the person(s) to whom such disclosure is to be made, together with the curriculum vitae of the person(s) to whom such disclosure is to be made. The designating party shall then have fourteen (14) days after receipt of such notice within which to object in writing to such disclosure. If such objection is made, no disclosure shall be made without Order of the Court, but the designating party shall have the burden of establishing the basis for the asserted objection; and

e. such other persons as the parties may agree to in writing or as the Court may, upon hearing, so direct.

10. Attendance at a deposition at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be limited to persons authorized to receive such information pursuant to the provisions of Paragraph 8, except for the court reporter and any interpreters, if necessary.

11. All CONFIDENTIAL INFORMATION produced by Sig Sauer in accordance with the provisions of this Agreement shall be used by the recipient

solely for purposes of this Lawsuit. Use for purposes of this Lawsuit by the recipient shall mean use only in prosecuting or defending this Action or other actions against Sig Sauer, in testimony and exhibits at the trial and appeal of this Lawsuit or other actions against Sig Sauer, or in connection with motions, depositions or witness preparation subject to the restrictions of this Agreement, but such use shall not include, *inter alia*, use for or in connection with any commercial activity, including but not limited to research, development, manufacture, sale, or marketing of any product (including without limitation software), process, or service, or for purposes of publicity. However, CONFIDENTIAL INFORMATION produced in accordance with this Agreement may also be used by the recipient in other Lawsuits brought by counsel for the Halls in actions against Sig Sauer only in cases in which a similar Agreement has been entered into between the parties in that action.

11.12. All CONFIDENTIAL INFORMATION produced by the Cabela's Defendants in accordance with the provisions of this Agreement shall be used by the recipient solely for purposes of this Lawsuit. Use for purposes of this Lawsuit by the recipient shall mean use only in prosecuting or defending this Action.

12.13. If the Court orders that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION shall be made to persons other than those identified in Paragraph 8 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons based

upon the conditions pertaining to, and obligations arising from this Agreement, and such persons shall be considered subject to this Agreement, unless the Court orders that the information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

13.14.If a party to this Agreement who is to receive or receives any CONFIDENTIAL INFORMATION in accordance with this Agreement disagrees with respect to its designation as CONFIDENTIAL INFORMATION, in full or in part, such receiving party shall notify the designating party in writing, and the recipient and the designating party shall thereupon confer as to the status of the subject information proffered within the context of this Agreement. If the recipient and the designating party are unable to agree upon the status of the subject information within two weeks (or within such shorter time as may be indicated by the circumstances), any party to this Agreement may challenge the propriety of such designation by a motion to the Court, which shall decide the issue. A party may challenge the propriety of a confidentiality designation at any time during the pendency of the litigation. The Court may raise the issue of designation of information as confidential without any request from a party. All materials will be filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, until the Court has decided on the propriety of such designation. Should a requesting party dispute that materials

produced constitute trade secret or other confidential research, development, or commercial information, said party shall notify the designating party which may, within thirty (30) days, move for a determination that the materials are entitled to confidentiality.  Under such circumstances, the designating party bears the burden of proving the propriety of designating an item as confidential.  If no motion is brought within thirty (30) days, the materials shall not be considered confidential and shall not be subject to this Order.  If a motion is brought, the materials shall be handled in accordance with this order until the motion is ruled upon, and thereafter shall be subject to this order if the court determines that the material is confidential research, development, or commercial information.

15.   At the completion of this litigation, all copies of documents produced by Sig Sauer which have been designated as confidential may, at the option of the requesting party, be kept or returned to the designating party during such time as counsel for Plaintiffs has pending matters against Sig Sauer pertaining to the P320 pistol. If kept, then this Order shall remain in force.  At such time as counsel for Plaintiffs does not have any further pending litigation against Sig Sauer pertaining to the P320 pistol, each receiving party shall destroy or return to the designating party all CONFIDENTIAL INFORMATION and all non-privileged copies thereof made or received on behalf of the receiving party. This destruction of return of all CONFIDENTIAL INFORMATION shall be done within thirty (30) days of the

entry of final judgment or the signing of a settlement agreement along with the accompanying dismissal of the last pending action against Sig Sauer involving a P320 pistol.

14.a. There are no other pending matters filed by counsel for Plaintiffs against the Cabela's Defendants. Accordingly, each receiving party shall destroy or return to the designating party all of the Cabela's Defendant's CONFIDENTIAL INFORMATION and all non-privileged copies thereof made or received on behalf of the receiving party. This destruction or return of all CONFIDENTIAL INFORMATION shall be done within thirty (30) days of the entry of final judgment or the signing of a settlement agreement along with the accompanying dismissal of this action.

15.16. A party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION which are not marked or designated in accordance with Paragraph 4 above. A party may at any time after the disclosure mark or designate such documents or copies of those documents as containing CONFIDENTIAL INFORMATION in accordance with Paragraph 4. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality or privilege, or other grounds of immunity from discovery as to any other document, thing, or information.

17.    The inadvertent production during discovery of documents or information, including ESI, subject to the attorney-client privilege, work product doctrine, or other privilege may constitute a waiver of such privileges for the materials or their subject matter – unless counsel for the inadvertently disclosing party takes prompt action to notify the receiving party of the inadvertent disclosure and the basis for the privilege. After being notified, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has.  If the receiving party disputes the claim of privilege, it must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The designating party must preserve the information until the claim is resolved.

16.18.This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

17.19.Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Federal Rules

of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

~~18.~~20. This Court shall retain jurisdiction of all matters pertaining to this Agreement, and all parties to this case are deemed to submit to the jurisdiction of this Court for matters relating to the enforcement of this Agreement. This Agreement shall survive the final conclusion of this Lawsuit and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Agreement.

~~19.~~21. All parties agree that this Agreement will not be used as evidence of the existence of a party's contact with the State of Pennsylvania should any party raise jurisdiction as an issue in this Lawsuit.

~~20.~~22. All parties agree to keep the terms of this Agreement confidential.

~~21.~~23. This Agreement shall be governed and construed in accordance with the law of the State of Pennsylvania.

~~22.~~24. Information obtained from defendant in discovery which is not marked as confidential pursuant to this Agreement is not the subject of this Agreement.

~~23.~~25. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

24.26.Filing Confidential Material:    Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation or whether the document can be redacted.   If the designating party chooses not to withdraw its confidential designations, it shall be prepared to justify the confidential designations in a motion to seal.   A party wishing to file a confidential document it obtained from another party in discovery must file a motion to seal, but merely state in its motion: (1) objection(s) to the designation, if any;(2) that it has met and conferred with the opposing party and the opposing party continues to assert the designated material is confidential; and (3) that the designating party will be filing a substantive motion supporting the sealing of the document marked confidential in accordance with this Stipulated Protective Order.   The designating party then must file a substantive motion to seal the confidential documents based upon the applicable legal standard for keeping the document designated confidential.

25.27.Timing of Challenges. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to   challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

26.28.Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face- to-face meeting or a telephone conference.

~~[THE REMAINDER OF THE PAGE IS INTENTIOANNLY LEFT BLANK WITH THE SIGNATURE PAGE TO FOLLOW.]~~

**STIPULATED, AGREED, AND CONSENTED TO:**

**MCDONNEL & ASSOCIATES, PC**
**Attorneys for the Cabela's Defendants**

**By:** */s/ Elisa M. Boody*
      *Elisa M. Boody, Esquire*

*Dated: March 14, 2025,*

**LITTLETON PARK**
   **JOYCE UGHETTA & KELLY LLP**
Attorneys for Defendant Sig Sauer, Inc.

By:    */s/***Kristen E. Dennison, Esq.**
      Kristen E. Dennison, Esq.

Dated:   ~~January   , 2024~~ March 14, 2025

**SALTZ MONGELUZZI & BENDESKY P.C.**
Attorney for Plaintiffs

By:    */s/*~~*Robert W. Zimmerman*~~*Samual Haaz*~~, Esq.~~
Samuel Haaz, Esq.
Robert W. Zimmerman, Esq.

Dated:   March 14, 2025

                          **IT IS SO ORDERED:**

                            ~~MALACHY    E.~~
~~MANNION,~~JOSEPH F. SAPORITO, JR.
      UNITED STATES DISTRICT JUDGE ~~J.~~

**DECLARATION**

I, _____, declare as

follows:

I understand that the information and/or documents to be provided to me

marked as CONFIDENTIAL are subject to a protective order in the case *James and*

*Nanci Hall v. Sig Sauer, Inc., et al.,* United States District Court for the Middle

District of Pennsylvania, Case No.: 3:23-cv-00978-KM, and constitute confidential

information that is to be used only for the purpose of this Lawsuit.  I understand that

said information is not to be disclosed by me to anyone nor used for any purpose

other than that described above.

I have read the Confidentiality Agreement and Protective Order entered in this

case and agree to be bound by its terms. I understand that I may not copy or otherwise

disseminate any confidential information received by me in the course of this case

in any way not prescribed by the Protective Order. I further understand that I must

return all copies of confidential information upon request at the conclusion of this

matter.

I hereby stipulate to the jurisdiction of this Court with regard to any

proceedings to enforce the terms of the Confidentiality Agreement and Protective

Order against me, whether by way of contempt of court, by a civil action for

injunction(s) and/or monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____

This _____ day of _____,

202_____