

**SALTZ**
**MONGELUZZI**
**BENDESKY**
TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

SAMUEL A. HAAZ
DIRECT LINE: 267.297.2766  WORK
SHAAZ@SMBB.COM

April 17, 2026

***VIA ELECTRONIC FILING***
The Honorable Joseph F. Saporito
United States District Court
Middle District of Pennsylvania

> ***Re :*** **James Hall, et al v. Sig Sauer, Inc., et al**
> **Case No.: 3:23-cv-00978-JFS**

Judge Saporito,

Plaintiffs write to provide the Court with supplemental authority in a recently published opinion from the Chief Judge of Southern District of Ohio. This opinion is squarely on point regarding Sig Sauer's Motion to Reconsider this Court's Order compelling only names, phone numbers and addresses of individuals who witnessed or experienced a P320 firing when dropped.

The case, *Hill v. Midwest Can Co.,* is a product liability case where the Plaintiff, Mr. Hill, was severely burned by a fire when he attempted to refill his lawnmower. He alleged Defendant Midwest's fuel spout contributed to the gasoline fire. No. 2:23-CV-2243, 2025 WL 2857971, at *1 (S.D. Ohio Oct. 8, 2025), attached hereto.

Plaintiff made an oral motion to compel Midwest to produce unredacted names and contact information of customers that made complaints about cracked Midwest fuel spouts. After the Magistrate granted Plaintiff's motion, defendant Midwest filed an objection on the same grounds Sig Sauer asserts here: (1) it would cause reputation harm (2) its clients privacy rights must be

1

protected.  *Id.*

The Chief Judge rejected those arguments and overruled Midwest's objections.  In support of compelling production of the contract infomration, the Court reasoned as follows:

> Midwest will not suffer reputational or commercial harm by producing the requested customer names and information. The requested information is relevant to Mr. Hill's claims and limited to customers that have already complained of cracks in Midwest's fuel spout caps. None will be surprised by Mr. Hill's counsel contacting them about their complaints. In addition, the privacy interests of Midwest's customers are adequately protected by the Magistrate Judge's Order. Indeed, the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such [as] compelled disclosure of medical records and personal histories.

*Id.*

In the case at bar, this Court issued an Order compelling Sig Sauer to produce the same type of customer information (name, address and phone numbers), in the same type of case (product defect), under the same reasoning.  Sig's claims of reputational harm are unfounded, as they were already forced to admit there was a drop-fire defect with the P320 in August of 2017.  The information this Court compelled was only contact information, not sensitive medical, health or financial information. Finally, those experiencing or witnessing a P320 drop fire will not be surprised by being contacted, as they reported these drop fire incidents to Sig Sauer or others previously.

Sig knows of at least 32 incidents based on their discovery responses, of which they provided 29 names, and no contact information.  When discovery documents *did* includ such contact information, Sig redacted it without any basis.  The information is not privileged, and the Protective Order does not permit such redactions.

Plaintiff's need for the contact information is substantial.  These individuals experienced (or witnessed) the exact defect causing Mr. Hall injuries.   The plaintiff in a strict products liability

case may rely on evidence of other similar accidents to prove notice and/or defect. See *Blumer v. Ford Motor Co*., 20 A.3d 1222 (Pa. Super. 2011). "For other accident evidence to be admissible, the plaintiff must first establish that there is a substantial similarity of conditions between the other accidents and the accident that injured the plaintiff."  *Hutchinson*, 876 A.2d at 983 (internal quotations omitted).

Plaintiffs respectfully request this Court consider the *Hill v. Midwest Can Co.* case, and deny Sig Sauer's motion to reconsider this Court Order compelling production of the contact information for those who witnessed or experienced a P320 drop-fire.

Respectfully submitted,

**SALTZ MONGELUZZI BENDESKY**

By:     /s/ *Samuel A. Haaz*
Robert W. Zimmerman
Samuel A. Haaz
Ryan D. Hurd
Lily Winter
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: 215-496-8282
rzimmerman@smbb.com
shaaz@smbb.com
rhurd@smbb.com
lwinter@smbb.com

3

2025 WL 2857971
Only the Westlaw citation is currently available.
United States District Court, S.D. Ohio, Eastern Division.

Douglass HILL, Plaintiff,
v.
MIDWEST CAN COMPANY, et al., Defendants.

Case No. 2:23-cv-2243
|
Signed October 8, 2025

**Attorneys and Law Firms**

Charles Horne Cooper Jr., Kaela King, Sean Alto, Cooper & Elliott, LLC, Columbus, OH, for Plaintiff.

Michael P. Quinlan, Kenneth E. Smith, Mansour Gavin LPA, Cleveland, OH, Christopher B. Turney, Pro Hac Vice, Turney LG, Kansas City, MO, for Defendants.

### OPINION AND ORDER

SARAH D. MORRISON, CHIEF JUDGE

**\*1** This matter is before the Court on Defendant/Third Party Plaintiff Midwest Can Company's Partial Objection to the Magistrate's Decision. (Obj., ECF No. 103.) For the reasons set forth below, Midwest's Objection is **OVERRULED**.

### I. BACKGROUND

Mr. Hill was severely burned by a fire that started when he attempted to refill his lawn mower with gasoline. He brought this action for product liability, breach of express or implied warranty, and negligence against the Defendants. He claims that Midwest's fuel spout and/or its fuel spout cap contributed to the gas fire and his injuries.

During a discovery conference, Mr. Hill made an oral motion for Midwest to produce unredacted names and contact information of customers that made complaints about cracked Midwest fuel spout caps. The Magistrate Judge granted Mr. Hill's motion and Midwest now objects.

### II. LEGAL STANDARD

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at \*2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

### III. ANALYSIS

Midwest asserts two reasons in support of its objection: 1) it will suffer reputational and commercial harm if its customers are advised of a lawsuit alleging defects in its products; and 2) to preserve the privacy rights of its customers. Neither argument is availing.

Beginning with its first argument, Midwest will not suffer reputational or commercial harm by producing the requested customer names and information. The requested information is relevant to Mr. Hill's claims and limited to customers that have already complained of cracks in Midwest's fuel spout caps. None will be surprised by Mr. Hill's counsel contacting them about their complaints.

In addition, the privacy interests of Midwest's customers are adequately protected by the Magistrate Judge's Order. Indeed, "the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such [as] compelled disclosure of medical records and personal histories." *Miller v. Kent Nutrition Grp., Inc.*, No. 1:15-CV-2116, 2018 WL 2266866, at \*3 (N.D. Ohio Feb. 27, 2018) (citing *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2014 WL 764617, at \*7 (N.D. Ohio Feb. 26, 2014)). The customer information can be produced only to Mr. Hill's counsel and used only in this litigation pursuant to the parties' Stipulated Protective Order. This safeguards the privacy interests of Midwest's customers.

**\*2** The Magistrate Judge's Order was not contrary to law. Accordingly, Midwest's Objection is **OVERRULED**.

### IV. CONCLUSION

Based upon the foregoing analysis, Midwest's Partial Objection to the Magistrate's Decision (ECF No. 103) is **OVERRULED**.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 2857971

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.